

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,425-01

## EX PARTE POWELL JONES, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 35,707-A IN THE 66TH DISTRICT COURT
### FROM HILL COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to unlawful possession of a firearm by a felon, and originally received deferred adjudication community supervision. He was later adjudicated guilty and sentenced to sixty years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Jones v. State*, No. 10-17-00118-CR (Tex. App. — Waco January 3, 2018) (not designated for publication).

Applicant contends, among other things,[1] that his counsel at adjudication rendered ineffective assistance because counsel failed to adequately consult with or communicate with Applicant prior to the adjudication proceeding, failed to investigate, failed to obtain Applicant's medical records, or consult with and/or subpoena Applicant's treating physicians to testify as to the reasons for Applicant's inability to comply with conditions of community supervision. Applicant alleges that counsel failed to investigate and present evidence that Applicant did in fact successfully complete group counseling as required by the conditions of community supervision. Finally, Applicant alleges that counsel refused to and continues to refuse to provide him with copies of his file.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order adjudication counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's adjudication counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and

---

[1]This Court has considered Applicant's other claim and finds it to be without merit.

conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 23, 2019
Do not publish